UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHAIKENYA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV01458 ERW |
| | ) | |
| FIRST NATIONAL BANK OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTRAL BANCOMPANY d/b/a FIRST | ) | |
| NATIONAL BANK OF ST. LOUIS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRIS PURCELL, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE ENTITY A, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Defendant Central Bancompany's Motion to Dismiss For Failure to State a Claim" [ECF No. 8].

**I. BACKGROUND AND FACTS**

Plaintiff Shaikenya Williams initiated this employment discrimination lawsuit in the Circuit Court of the County of St. Louis on July 9, 2014 [ECF No. 3]. Plaintiff named First National Bank of St. Louis ("FNB"), Central Bancompany[1] ("Central"), Chris Purcell, and John

---

[1] By the Court's count, the body of Plaintiff's Complaint specifically mentions Central Bancompany a total of five times. The Complaint names Central Bancompany as a distinct party, separate from FNB, stating "Central Bancompany, d/b/a First National Bank of St. Louis, is a Missouri corporation with its principal place of business

1

Doe Entity A as defendants. Plaintiff's Petition (hereinafter "Complaint") asserts the following claims: race discrimination under the Missouri Human Rights Act (Count I); retaliation under the Missouri Human Rights Act (Count II); race discrimination under Title VII of the Civil Rights Act of 1964 (Count III); retaliation under Title VII of the Civil Rights Act of 1964 (Count IV); "race and retaliation" under 42 U.S.C. § 1981 (Count V); and wrongful discharge under Missouri common law (Count VI). Each claim is alleged against all defendants. Specifically, Plaintiff alleges her race was a contributing or motivating factor in FNB's decisions to reduce her pay and terminate her, a violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. Plaintiff also alleges her complaint of racial discrimination to Purcell was a contributing or determining factor in her termination, constituting wrongful discharge and a violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act, and 42 U.S.C. § 1981. Plaintiff alleges defendants are "employers" under Chapter 213, RSMo, and Title VII. Plaintiff seeks actual and punitive damages, as well as costs incurred. On August 22, 2014, defendants FNB and Central removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a) [ECF No. 1]. On August 29, 2014, Defendant Central Bancompany filed the pending Motion to Dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure ("FRCP") 7 and 12(b)(6), and Local Rule 7-4.01 [ECF No. 8].

For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt.*

---

located at 238 Madison St., Jefferson City, MO 65101" [ECF No. 3 at ¶ 4]. The Complaint alleges FNB and/or Central operate banks "at 12218 Manchester Road, Des Peres, MO 63141, 12230 Manchester Road, Des Peres, MO 63131, and 10704 W. Florissant Ave., Ferguson, MO 63136, among other locations" [ECF No. 3 at ¶ 5]. The Complaint further states Plaintiff was an employee of FNB and/or Central at all times relevant to this case [ECF No. 3 at ¶ 7]. The Complaint states Central "is an employer under both Chapter 213, RSMo. and Title VII" [ECF No. 3 at ¶ 10]. Finally, the Complaint states, "Defendants First National Bank of St. Louis and Central Bancompany will hereafter be referred to collectively as 'First National Bank of St. Louis'" [ECF No. 3 at ¶ 12].

*Agency*, 615 F.3d 985, 988 (8th Cir. 2010). On October 3, 2011, Plaintiff, an African-American woman, began working for Defendant First National Bank of St. Louis at its Des Peres location. She served as a mortgage lender, and her job duties included originating and closing residential mortgage loans. For this, Plaintiff was paid a base salary, as well as commission on any loans she closed. Around this time, FNB agreed to open a branch in Ferguson, Missouri, an area in which the residents are predominately African-American. The average value of homes and mortgages in Ferguson is lower than those of homes and mortgages in Des Peres.

In or around early 2012, Plaintiff was transferred to the Ferguson location. Only African-American employees of FNB were transferred to this location. FNB rarely approved loans for the customers of the Ferguson location, and because loans were rarely approved, Plaintiff's commissions fell in value from where they were prior to her transfer. Plaintiff complained to her management, including Defendant Chris Purcell, about what she believed to be discriminatory practices in denying loans to the customers of the Ferguson location, and about her lower pay relative to white employees, due to her transfer to the Ferguson location. Shortly after making these complaints, Purcell terminated Plaintiff.

On or about August 26, 2013, Plaintiff timely submitted a charge of discrimination against Defendants with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") [Charge No. 560-2013-02189, FE-11/13-20493] for racial discrimination and retaliation. On or about April 10, 2014, the EEOC issued its Right to Sue letter, and on or about June 25, 2014, the MCHR issued its Notice of Right to Sue. Plaintiff instituted this action within ninety days of the receipts of these notices.

**II. STANDARD**

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted). A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).

Bare assertions constituting merely conclusory allegations failing to establish elements necessary for recovery will not suffice. *See id.* ("Plaintiffs, relying on facts not in the complaint, make bare assertions that [defendants] were not just lenders, but owners that controlled the RICO enterprise . . . these assertions are more of the same conclusory allegation . . ."). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Although courts must accept all factual allegations as true, they are not bound to take as true "a legal conclusion couched as a factual allegation."

*Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

A complaint is also to be read as a whole, not broken down into its various parts to determine which allegations are plausible. *Id.* "Ultimately, evaluation of a complaint upon a motion to dismiss is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (internal quotation and citation omitted).

## III. DISCUSSION

Defendant Central requests dismissal for two reasons. First, it argues Central and FNB are separate legal entities, contending Plaintiff has alleged no wrongdoing against Central or its employees [ECF No. 9 at 1]. Second, Defendant Central argues Plaintiff is not and has never been its employee [ECF No. 9 at 2]. For the foregoing reasons, this Court denies Central's Motion to Dismiss at this time.

### A. Whether Plaintiff was an Employee of Central Bancompany

Central contends Plaintiff has never been its employee [ECF No. 9 at 2].[2] Central argues because Plaintiff's claims require the existence an employment relationship, "Plaintiff fails to state a claim against Central and Central's Motion to Dismiss should be granted" [ECF No. 9 at 2].

In response, Plaintiff contends, "[U]pon information and belief, Central is the parent holding company of defendant First National Bank of St. Louis, and does business under that name" [ECF No. 11 at 1]. She states whether Central is her employer is a question of fact [ECF

---

[2] In support of this contention, Central has provided an affidavit from Ronald Medin, Central's corporate secretary, which states Plaintiff has never been an employee of Central [ECF No. 9-1 at ¶ 5]. However, this affidavit has no bearing on the Court's decision.

No. 11 at 1], arguing dismissal at this stage would be premature, because more discovery is needed to determine the relationship of Central and FNB [ECF No. 11 at 1-2].

The Court agrees that whether Plaintiff was an employee of Central is a question of fact and, thus, may not be properly considered in a motion to dismiss. At the pleading stage, the only question is whether there are sufficient factual allegations in the complaint that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court is not allowed to consider the actual veracity of facts alleged in the complaint at this time. *Braden*, 588 F.3d at 594. Therefore, the Court refuses to grant Central's Motion to Dismiss on this basis.

**B. Whether Central and First National Bank are Separate Entities**

For its second proposed basis of dismissal, Central argues First National Bank of St. Louis and Central are separate legal entities [ECF No. 9 at 1]. Contrary to Plaintiff's allegations [ECF No. 1 at ¶ 4], Central contends it does not do business as FNB [ECF No. 9 at 1].[3] Further, Central claims Plaintiff has only alleged wrongdoing against FNB employees, not Central or its employees [ECF No. 9 at 1]. Therefore, Central concludes it is a separate legal entity from FNB, and because there are no allegations against Central or its employees, Plaintiff has failed to state a claim against it [ECF No. 9 at 2].

In response, Plaintiff argues Central does do business as FNB [ECF No. 11 at 1]. She also contends more discovery should be completed to ascertain the relationship between Central and FNB [ECF No. 11 at 1]. She further argues if Central does do business as FNB, it would be Plaintiff's employer [ECF No. 11 at 2].

Although factual determinations are improper considerations in a motion to dismiss, a plaintiff's factual assertions must meet certain standards. While the court must normally accept

---

[3] In support of this assertion, Ronald Medin's affidavit states Central does not do business as First National Bank [ECF No. 9-1 at ¶ 4]. However, this affidavit has no bearing on the decision.

6

a plaintiff's allegations in a complaint as true, a complaint does not suffice if it only offers "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also C.N. v. Willmar Public Schools, Independent School Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010) ("[N]aked assertion[s] devoid of further factual enhancement" do "not plausibly establish entitlement to relief under any theory."); *Christiansen v. West Branch Community School Dist.*, 674 F.3d 927, 934 (8th Cir. 2012) ("A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster."). Similarly, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." *Braden*, 588 F.3d at 594 (quoting *Twombly*, 550 U.S. at 557).

Courts need not accept as true "factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice." *Perry v. NYSARC, Inc.*, 424 Fed. Appx. 23, 25 (2nd Cir. 2011); *see also Bomar v. Hatcliff*, 798 F.2d 468 at *1 (6th Cir. 1986) ("Even though a pro se plaintiff's complaint should . . . be accepted as true . . . it is of no avail for this plaintiff because his allegations are . . . self-contradictory and are otherwise factually insufficient to state a cause of action."); *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice."); *Response Oncology, Inc. v. MetraHealth Ins. Co.*, 978 F.Supp. 1052, 1058 (S.D. Florida 1997) ("Courts must liberally construe and accept as true allegations of fact in the complaint . . . but need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party.").

7

Here, the "separate entity" aspect of Plaintiff's Complaint appears to be indeterminate and contradictory. Plaintiff explicitly alleges Central does business as FNB [ECF No. 3 at 2, ¶ 4]. However, Plaintiff has named Central and FNB as separate defendants in this case [ECF No. 3 at 1]. Plaintiff also refers to each as a separate party in the section of the Complaint describing "Parties" [ECF No. 3 at ¶ 3 and 4]. Plaintiff alleges she "was an employee of Defendants First National Bank of St. Louis and/or Central Bancompany," implying they are separate entities [ECF No. 3 at ¶ 7].[4] Taken together, these assertions are contradictory. "Doing business as" means a company is using an assumed name. Black's Law Dictionary 403 (7th ed. 1999). If Company A "does business as" Company B, there is only one entity. Thus, Central Bancompany cannot simultaneously be "doing business as" FNB *and* be sued as a separate entity from FNB.

As noted earlier, courts cannot just consider each allegation separately, but must look at the complaint as a whole. *Braden*, 588 F.3d at 594. Plaintiff's Complaint leaves the Court uncertain as to the exact nature of the relationship between Central and FNB, and because Plaintiff's allegations regarding this relationship are so indeterminate and contradictory, it is unclear exactly how Central is responsible for the alleged treatment of Plaintiff. However, in response to these contradictions, rather than grant Central's Motion to Dismiss, the Court grants Plaintiff leave to file an amended Complaint within twenty days. Specifically, Plaintiff is ordered to provide "further factual enhancement" regarding the relationship between Central and FNB, which should then make clear how Central is responsible. In other words, the amended Complaint must allege non-contradictory facts (about the relationship) in a way that sufficiently shows how Central in particular may be liable for Plaintiff's alleged injuries.

---

[4] Although it has no bearing on this decision, Plaintiff's Response to Central's Motion suffers the same problems. Plaintiff argues Central is the parent company of First National Bank, and at the same time, she argues Central does business as First National Bank [ECF No. 11 at 1].

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant Central Bancompany's Motion to Dismiss for Failure to State a Claim" [ECF No. 8] is **DENIED**.

So Ordered on this <u>7th</u> day of November, 2014.

*[Signature: E. Richard Webber]*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**