UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHAIKENYA WILLIAMS,              )
                                 )
    Plaintiff,                   )
                                 )
v.                               )   Case No.  4:14CV01458 ERW
                                 )
FIRST NATIONAL BANK OF ST. LOUIS,)
                                 )
    Defendant.                   )

## JOINT MOTION FOR PROTECTIVE ORDER

Upon motion of all parties for a Protective Order,

It is hereby ORDERED that:

1. All Confidential Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Confidential Information," as used herein includes, but is not limited to, documents contained in the personnel files of current and former employees of Defendant, related information pertaining to salary, performance and discipline histories, confidential business information; and tax and medical records of current or former employees, whether it be a document, electronic file, cd, dvd, computer disk, information contained in a document, electronic file, cd, dvd, tape or computer disk, information revealed during a deposition, information revealed in an interrogatory answer or otherwise.  In designating information as "Confidential" a party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material which is available to the public, including catalogues, advertising materials, and the like shall not be so designated.

3. "Qualified Persons," as used herein means:

    (a) Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    (b) Actual or potential independent experts or consultants consulted or used in connection with this lawsuit;

(c)     Parties and employees and directors of parties, provided that such officers, directors or employees participate in the prosecution or defense of this lawsuit and/or monitor this lawsuit for a party;

(d)     Potential witnesses and persons testifying in deposition in this case, except that Confidential Information shall not be retained by said individuals; and

(e)     If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

4.     Documents produced in this action may be designated by any party or parties as "Confidential" information by marking each page of the document(s) and/or the media containing the electronic file, including but not limited to the cd, dvd, tape, or computer disk, so designated with a stamp stating "Confidential."

In lieu of marking the original of a document, electronic file, cd, dvd, tape, or computer disk, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

5.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, partners, employees, agents, attorneys or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order.

Any party may also designate information disclosed at such deposition as "Confidential" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "Confidential" for a period of thirty (30) days after the receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential" with blank consecutively numbered pages being provided in a nondesignated main transcript. The separate transcript containing "Confidential" information shall have page numbers that correspond to the blank pages in the main transcript.

6.     "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.

Qualified Persons of Paragraph 3(b), (d) and (e) must read and sign an Acknowledgment of Confidentiality in advance of receipt of any Confidential Information (copy attached hereto as Exhibit A).

Any documents produced in this litigation, which are marked "Confidential" and which are provided to Qualified Persons of Paragraph 3 (b), (d) and (e) above, shall be maintained only at the office or residence of such Qualified Person and only working copies shall be made of any

2

217090

such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by, independent copy services, printers or illustrators for the purpose of this litigation.

       7.    Documents to be inspected shall be treated as "Confidential" during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential."

       8.    Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" consents to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" information in the examination or cross examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" information, irrespective of which party produced such information.

       9.    A party shall not be obligated to challenge the propriety of a designation as "Confidential" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as "Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only." The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

       The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

       10.    Nothing shall be regarded as "Confidential" information if it is information that either:

       (a)    is in the public domain at the time of disclosure, as evidenced by a written document;

       (b)    becomes part of the public domain through no fault of the other party, as evidenced by a written document;

       (c)    the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

       (d)    the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

217090

11. In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" information used therein shall be filed under seal with the Court.

12. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as "Confidential" information by a party to this action.

13. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

14. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document marked "Confidential" and all reproductions of such documents produced by a party, in the possession of any of the persons qualified under Paragraphs 3(b) through (d) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

15. Any party designating any person as a Qualified Person shall provide a copy of this Protective Order to the person receiving such confidential information, together with an instruction that they are required to comply with this Order as to all confidential information then or thereafter disclosed.

Dated: 2/1, 2016

_/s/ Shaikenya Williams_
Shaikenya Williams
10990 New Hallas Ferry Road
#J191
St. Louis, Missouri 63136

Plaintiff

McMAHON BERGER, P.C.

_/s/ Thomas O. McCarthy_
Thomas O. McCarthy, #22636MO
Christina M. Sondermann, #58877MO
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 - Telephone
(314) 567-5968 – Facsimile
mccarthy@mcmahonberger.com
Sondermann@mcmahonberger.com

Attorneys for Defendant

217090

APPROVED:


SO ORDERED: _____    _____
                      United States District Court Judge                 Date

217090

## EXHIBIT A
## PROTECTIVE ORDER

I, _____, hereby declare as follows:

1. I am a representative designated by a party to the action filed by Shaikenya Williams and pending in the United States District Court, Eastern District of Missouri, Case No. 4:14-cv-01458 (hereinafter "the Litigation").

2. A copy of that certain Protective Order by and among Shaikenya Williams and First National Bank of St. Louis ("Order") has been delivered to me and I have carefully reviewed the same.

3. I agree to abide by the obligations and conditions set forth in the Order, including, but not limited to, the condition that I will not disclose or use any Confidential Information, as defined in the Agreement, to which I have been given access, other than pursuant to the terms and conditions of the Agreement.

Date this _____ day of _____, 20___, at _____.


_____


_____
Print Name